UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.. .. .. .. .. .. .. .. .. .. .. .. . .
                                        :
DAVID RANKIN,                           :
                                        :
                 Plaintiff,             :        **COMPLAINT AND**
                                        :          **JURY DEMAND**
            vs.                         :
                                        :        ECF CASE
CITY OF NEW YORK, POLICE OFFICER        :
JAGDEEP SINGH, JOHN DOE 1-5 and         :
RICHARD ROE 1-5,                        :   06 CV 00362 (KMK)
                                        :
                 Defendants.            :
.. .. .. .. .. .. .. .. .. .. .. .. . :

      Plaintiff, by and through his attorney, alleges:

                     **JURISDICTION**

1.    This action arises under and the First, Fourth and

      Fourteenth Amendments to the United States Constitution and

      is filed pursuant to 42 U.S.C. § 1983.

2.    The jurisdiction of this Court is predicated on 28 U.S.C. §

      1331 and 28 U.S.C. § 1343(a)(3) and (4).

3.    The plaintiff further invokes this Court s supplemental

      jurisdiction, pursuant to 28 U.S.C. §1367 over any and all

      state claims and as against all parties that are so related

      to the claims in this action within the original

      jurisdiction of this court that they form part of the same

      case or controversy.

                       **PARTIES**

4.    Plaintiff is a citizen and resident of the United states.

5.    Defendant City of New York is and was at all times relevant

to this action a municipal corporation authorized under the laws of the State of New York.

6.   Defendant Jagdeep Singh is and was at all times relevant to this action a police officer employed by defendant City of New York and acting under color of law.  He is sued in his individual capacity.

7.   Defendants John Doe 1 through John Doe 5 are and were at all times relevant to this action, police officers employed by the defendant City of New York and acting under color of law.  Each participated in the arrest of plaintiff and each is sued in his individual capacity.

8.   Defendants Richard Roe 1 through Richard Roe 5 are and were at all time relevant to this action, supervisory police officers employed by the defendant City of New York and acting under color of law.  Each participated in the decision to arrest plaintiff and/or set in motion a policy or practice which resulted in the arrest of plaintiff and his subsequent prosecution.  Each is sued in his individual and official capacities.

**FACTS**

9.   On August 29, 2004 at approximately noon, plaintiff was functioning as a legal observer for the National Lawyers Guild.  He was following a group of bicycle riders in the vicinity of 34th Street in midtown when he was forcibly

2

grabbed from behind and pulled off of his bicycle.

10. At that approximate time and place, plaintiff was arrested and thereafter charged with 2 counts of disorderly conduct, one count of obstruction of governmental administration and one count of parading without a permit.

11. At the time of his arrest, plaintiff was engaged in no activity which was in violation of law and neither defendant Jagdeep Singh nor any other officer had probable cause to arrest him.

12. Plaintiff was taken to Pier 57 where he was held until released that evening.

13. On or about April 13, 2005, all charges against plaintiff were dismissed.

## COUNT I

### FALSE ARREST – § 1983

13. Plaintiff repeats and realleges paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiff Rankin engaged in no conduct which could lawfully subject him to arrest and defendants did not have probable cause to arrest him.

15. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff was deprived of rights protected by the Fourth, and Fourteenth Amendments to the United States Constitution.

16. As a direct and proximate result of the actions of
    defendants, taken under color of law, plaintiff suffered
    physical injury, emotional harm and distress.

## COUNT II

### MALICIOUS PROSECUTION – § 1983

17. Plaintiff repeats and realleges paragraphs 1 through 16 of
    this Complaint as if fully set forth herein.

18. The allegations in the criminal complaints signed by
    defendant Jagdeep Singh were knowingly false and motivated
    by a desire to punish plaintiff and/or to cover up
    defendant  s own unlawful conduct.

19. The aforesaid conduct of defendant Jagdeep Singh and/or John
    Doe 1 violated plaintiff  s rights under the Fourth and
    Fourteenth Amendments to the United States Constitution.

20. As a direct and proximate result of the actions of
    defendants, taken under color of law, plaintiff suffered
    emotional harm and distress and was caused to expend money
    to defend himself.

## COUNT III

### FIRST AMENDMENT – § 1983

21. Plaintiff repeats and realleges paragraphs 1 through 20 of
    this Complaint as if fully set forth herein.

22. The conduct of defendants as described herein was motivated,
    at least in significant part, by the fact that plaintiff had

engaged in activity protected by the First Amendment.

23. The mistreatment of plaintiff due to his exercise of First
Amendment rights violates plaintiff s rights under the First
and Fourteenth Amendments to the United States Constitution.

24. As a direct and proximate result of the actions of
defendants, taken under color of law, plaintiff suffered
physical injury, emotional harm and distress and was
prevented from engaging in First Amendment activity during
the time of his detention.

**COUNT IV**

**MUNICIPAL LIABILITY – ÿÿ1983**

25. Plaintiff repeats and realleges paragraphs 1 through 24 of
this Complaint as if fully set forth herein.

26. Defendant City of New York, at all times relevant to this
Complaint, acting through its police department and through
individual police officers including the defendants herein,
had policies, practices and customs which were a direct and
proximate cause of the unconstitutional conduct alleged
herein, including, but not limited to the arrest of persons
lawfully participating in, observing or in the vicinity of
demonstrations, protests or other forms of public expression
during the Republican National Convention.

27. It was also a policy and practice of the City of New York to
enforce an unconstitutional statute, New York City

Administrative Code ÿÿ 10.110, parading without a permit.

28.   As a direct and proximate result of the actions of defendant City of New York, taken under color of law, plaintiff suffered physical injury, emotional harm and distress and was prevented from engaging in First Amendment activity during the time of his detention.

## COUNT V

## MALICIOUS PROSECUTION - STATE LAW

29.  Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.  The conduct of defendants as set forth herein constituted malicious prosecution in violation of the Constitution, statutory, and common law of the State of New York.

31.  Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

42.  As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, emotional harm and distress and costs and expenses.

WHEREFORE, Plaintiff demands judgment as follows:

   a.   Compensatory damages;

   b.   Punitive damages;

6

       c.    Reasonable attorneys fees and costs;

       d.    Such other and further relief as appears

           reasonable and just.

Plaintiff demands trial by jury.


Dated: January  , 2006

                           _____
                           Jeffrey E. Fogel (JF-3948)
                           232 Warren Street
                           Brooklyn, NY 11201
                           (718) 243-2039
                           Attorney for Plaintiff