KARAS, S.

```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DAVID RANKIN,

                    Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
JAGDEEP SINGH, JOHN DOE 1-5 and RICHARD
ROE 1-5,

                    Defendants.

------------------------------------------------------------x

STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE

06 CV 0362 (KMK)(JCF)

WHEREAS, plaintiff David Rankin ("Plaintiff") commenced this action in the Southern District of New York by filing a complaint on or about January 18, 2006 (the "Complaint"), alleging that defendants violated Plaintiff's civil and common law rights; and

WHEREAS, this action is one of many related actions stemming from activities during the 2004 Republican National Convention in New York City and consolidated in the Southern District of New York before Magistrate Judge James C. Francis IV and District Judge Kenneth M. Karas (the "RNC Cases"); and

WHEREAS, defendants The City of New York and Jagdeep Singh have denied any and all liability arising out of Plaintiff's allegations; and

WHEREAS, the parties now desire to resolve the issues raised in this litigation, including the issue of attorneys' fees, without further proceedings and without admitting any fault or liability; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. Plaintiff's claims in the above-referenced action are hereby dismissed in their entirety, with prejudice, and without costs, expenses or fees except as provided in paragraph "2" below.

2. The City of New York hereby agrees to pay Plaintiff the sum of ELEVEN THOUSAND DOLLARS ($11,000.00) in full satisfaction of all claims, including costs, expenses and attorneys' fees. In consideration for the payment of this sum, Plaintiff agrees to the dismissal, with prejudice, of all the claims against all named defendants, including The City of New York and Jagdeep Singh, and the defendants named in the caption as "John Doe 1-5" and "Richard Roe 1-5," and to release all defendants, their successors or assigns; all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, including but not limited to, the New York City Police Department; the New York City Health and Hospitals Corporation; and the Hudson River Park Trust, from any and all liability, claims or rights of action arising from, contained in, or related to the Complaint in this action, which were or could have been alleged by Plaintiff, including all claims for attorney's fees, expenses and costs.

3. Plaintiff shall execute and deliver to defendants' attorneys all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way performed the acts or omissions alleged in the Complaint herein or that defendants violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws

of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6. It is expressly understood and agreed to by Plaintiff, Plaintiff's attorneys, and defendants that the settlement sum in paragraph 2 above includes any and all claims for attorney's fees, expenses and costs arising from the legal work performed by Plaintiff's attorney in connection with this action, including: (a) all work performed and expenses disbursed specifically relating to and benefiting Plaintiff; and (b) Plaintiff's pro rata share of attorney's fees for work performed benefiting all plaintiffs in the RNC Cases who are represented either collectively or individually by Jeffrey E. Fogel.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         December 13, 2006

Jeffrey E. Fogel, Esq.
232 Warren Street
Brooklyn, New York 11201
212-607-3363
Attorney for Plaintiff

By: _____
    Jeffrey E. Fogel, Esq. (JF3978)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 6-122
New York, New York 10007
212-788-8342

By: _____
    Jeffrey A. Dougherty (JD 5224)
    Special Assistant Corporation Counsel

SO ORDERED:

_____
HON. KENNETH M. KARAS,
U.S.D.J.
12/15/06

4